*351 OPINION of the Court, by
Ch. J. Edwards.—
The plaintiff in error had obtained judgment against John Blanton, Upon which a fi-fa. issued to the sheriff of Jefferson county, who levied the same on four negro men, the property of said Blanton, then in the possession of James F. Moore ; whereupon the said Moore, with Nimrod Moore his security, entered into bond for the delivery of said negroes on the day of sale, but failed to comply with their obligation and covenant; all of which was specially returned by the sheriff on the execution, together with the bond aforesaid ; afterwards execution issued on the bond, as a forthcoming bond, according to the act of assembly ; which execution, return ¡tpd bond, was, oa a writ ol error rgram vobis, sued *352 out by the said James F. Moore, quashed by the Shelby circuit court, whose opinion was excepted to, and the errors assigned in this court question the propriety 0fthat opinion.
qphe bond need only be compared with the act of as- . j r serobly to shew that it was not good as a delivery bond* an!j that no execution could issue thereon, and there - pRrg c’lrcu'lt court acted correctly in quashing the execution, and this is certainly as far as that court ought to have gone. Moore had no right to ask the court to quash the return ; that was a matter wholly between the plaintiff, sheriff and defendant, and the court had no right to judge of the bond, farther than to see whether it justified the proceeding which had taken place on it. Whether the bond was good at common ¡aw or not, is a question that it had no right in that manner to decide, and consequently had no right to quash it.- — Judgment reversed.