OPINION of the Court, by
Ch. J. Boyi.E
Two executions having issued from the office of the Franklin circuit court, in the name of Craig, one against the estate of Humphrey and John J. Marshall for 8 1218 75 cents, with an endorsement thereon of a credit of 236 dollars, paid to Isham Talbot, attorney ; and that the balance was for the benefit of Alexander Macey : the other against the estate of Humphrey Marshall, for the amount of damages on the dissolution of an inj unction and an affirmance in this court, which was also endorsed for the benefit of said Macey ; the said Marshalls sued out a writ of error coram vobis to quash said executions -^nd the proceedings thereon, and assigned for error—
1st. That there is an endorsement on the said execu tions that they are issued for the benefit of Alexander Macey ; which endorsement, it is presumed, is founded on the assignment No. 3, herewith exhibited ; and is not warranted by it, first, because the said assignment did not transfer to the said Alexander Macey any authority over the executions, but operated as an equitable transfer of the gross sum of 1000 dollars of the judgment; which assignment, or the substance of it, might have been endorsed on the execution as a notice. Secondly, because the said endorsement has a greater extent than the assignment, the said executions being for a much larger sum than 1000 dollars, appearing to be due after the credit given.
The aflign-judgment car-ríes along with It the damages lution of an in-junñion & up
dant had paid the whole judg. n epre «o-tice of the af-he fignment, “'S-^he je-¡¡uér,la-, orTf he had fo paid a fart, by bill in neither cafe is a writ of error coram vola the proper remedy;
2d. It was erroneous to issue the said executions,' because, before the issuing them, the plaintiff, Lewis Craig, by his attorney, had directed that they should not jS5lle(j.
3d. The proceedings on the said executions have been erroneous, in as much as the sheriff has refused to return the said executions, as directed by the plaintiff, also refused to credit the payments made, for which the plaintiff’s receipts were produced, even to the extent of the surplus of the executions over and above the said sum °f 1000 dollars, as will appear by the papers of which the exhibit No. 5 is a copy,
The defendant in error pleaded that there is no error jsslljng the executions, the endorsements thereon in, virtue error herein ; made, nor in the proceedings of the sheriff c thereof, as specified in the assignment o because, he says, that previous to the date of the assignment of the sum of g 1000, part of the amount of the origi-na¡ judgment obtained herein, as set forth in the said assignments of error, viz. on the-- day or--at the circuit of Franklin, the said Lewis Craig, by a writ¡ng sjgnej with tile proper hand and name of him the 'said Lewis, and which was duly filed with the clerk of the court on the —— day of —-, did, for a valuable consideration, assign over to Isham Talbot the sum of 200 dollars, part of the amount of said original judgment obtained by him against the said plaintifFMarshall, as will appear by the said assignment remaining with the clerk and now before the court; which, when added to the said sum of 1000 dollars so transferred by him to the said Alexander Macey, the real plaintiff in execution, exceeds the whole amount of the said original judgment and costs due and payable at the date of said last mentioned assignment ; of which said several assignments the said plaintiffs in error had then and there notice ; so that no right to any part of the sum so recovered by the said judgment remained in him the said Craig, at any time subsequent to the date of the said last mentioned assignment; nor had the said Craig, as the nominal plaintiff, any right bv the law of the land to meddle or interfere in any manner whatever with the said judgment or executions thereon, or with the damages awarded by the court of appeals upon the affirmance of the judgment aforesaid, or by the said Franklin circuit *293 court upon the dissolution of the injunction obtained by him the said Marshall, suspending all proceedings thereon, upon his bill for that purpose filed, or to the costs awarded against him the said Marshall upon said affirmance and dissolution ; the whole of Said costs accruing and chargeable to said Craig as the nominal party in the defence of said appeal and suit in chancery, having been, as the said Macey avers they were, paid by him as the real party therein ; and this he is ready to verify.
To this plea the plaintiffs in error demurred, and on the demurrer the court below gave judgment for the defendant, from which the plaintiffs have appealed to this court.
The main point tobe decided is, whether the plea is sufficient or not ?
In order to determine this point, it is necessary to advert to the nature and effect ot the errors assigned in the court below. They may be all resolved into a negation or denial that the executions were issued, or the proceedings thereon were had by authority ; Craig, ,in whose name the executions were, having forbidden them to issue, and directed'them to be returned.
To shew that Craig, though the nominal plaintiff in the executions, had no authority or right to forbid their emanation or to control the proceedings on them, is the object of the plea, and if it has sufficiently done this it must be deemed a sufficient answer to the errors assigned.
That the judgment was a chose in action(a) which was not so assignable at law as to warrant proceedings in the name of the assignee, is a point not controverted. But it is a settled doctrine, that the assignment of a chose in action, though not assignable at law so as to autho-rise an action in the name of the assignee, will nevertheless transfer to him an authority to use the name of feis assignor, in the exercise of which a court of law will protect him. This doctrine was admitted to be correct by the counsel for the appellants, but he contended that it applied onlyT to a case where there was an entire assignment of the thing, and not to a case where there was hut a partial assignment; and he ufged that the present was a case of the latter kind. It is not thought material to inquire into the propriety of the distinction *294 contended for between an entire and a partial assignment, since we are of opinion that the plea shews that Craig had transferred the whole of the beneficial interest in the judgment, together with all its incidents. A transfer of § 1000 of the judgment to Macey, is admitted by the assignment of error, and the plea alleges that previous thereto there had been $ 200 transferred to Talbot. These sums, when added together, are more than equal to the whole amount of the judgment, and the assignment of them must consequently transfer from, the assignor to the assignees the whole beneficial interest in the judgment. In the case of partial assignments of a bond to different persons, no one could doubt, if the sums assigned be equal to the amount of the bond, that the assignor would thereby have parted with his whole interest ; and there is as little room for doubt that partial assignments of a judgment must have the same effect.
.With respect to the damages awarded upon the subsequent proceedings had for the purpose of avoiding or suspending the judgment, as they were given as a compensation for the delay, which was to the prejudice of the assignees, and not of the assignor, it is just that they and not he should have the compensation. The damages can indeed only be considered in the light of an incident to the judgment, and must necessarily follow it, according to the maxim accessorium sequitur suum„ pr'mcipale.
The objection that the plea does not allege the time when the assignment to Talbot was filed in the office, or when Marshall had notice of it, can have no influence in the case. It is evident that the filing of the assignment could have no other effect than to give notice to the defendant in the judgment of the rig'ht of the assignee ; and whether -the defendant had notice or not, or at what time he had notice, must be wholly immaterial in relation to the question whether the nominal plaintiff had transferred his interest in, and his authority over the judgment. It is true that if the defendant had, without notice of such transfer, satisfied the nominal plaintiff for the whole amount of the judgment, he might be relieved by a writ of audita querela, or if he had paid only part he might obtain relief by application to a court of equity; but in neither of these cases would a writ of *295 terror coram vobis lie. It is therefore clear that in this case the time when notice was giyen of the assignment to Talbot, or whether it was given at all, can have no effect.
As to the objection to the judgment of the court below, it is at most an objection for want of form only, and such an objection cannot be regarded by. this court.
The judgment must be affirmed with costs and damages upon the damages.

 Quœre, if judgments are not affignable by common law- Vide 3 Viner, affignment (D) pl. 11, p. 151.