## Case No. 11,105a.

### PHILLIPS v. RUSSELL.

[Hempst. 62.] [1]

Superior Court, Territory of Arkansas. Oct., 1828.

PRACTICE AT LAW—ERROR CORAM NOBIS—FOR WHAT LIES.

1. A writ of error coram nobis may be brought in the same court where the judgment was given, when the error assigned is not for any fault in the court, but for some defect in the execution of the process, or for some default of the ministerial officers.

2. It lies to set aside an erroneous execution.

Error coram nobis by Sylvanus Phillips against William Russell.

Before JOHNSON, ESKRIDGE, and BATES, JJ.

JOHNSON, Circuit Justice. This is a writ of error coram nobis, sued out by the plaintiff, to reverse a judgment and quash an execution thereon for error in fact, which judgment was obtained by the defendant against the plaintiff in this court. Upon application for one of the judges of this court in vacation, an order was made by the judge, commanding the clerk to issue a writ of error, with a supersedeas as to the execution. The clerk, upon the application of the plaintiff, issued a writ of error coram nobis, with a supersedeas to the judgment, as well as the execution. We have no doubt that the execution was erroneous and illegal, and that the order of the judge for a supersedeas to quash it, was correct. This has not been controverted in the argument, and the only inquiry now is, whether the plaintiff or the defendant shall pay the costs of this proceeding. The plaintiff undoubtedly had a right to the writ of error, with a supersedeas to set aside and quash the erroneous execution. This is well settled by the most approved authorities. Serjeant Williams, in his notes to 2 Saund. 101, says: "Error may be brought in the same court where judgment was given, when the error assigned is not for any fault in the court, but for some defect in the execution of the process, or through the default of the clerks." 2 Tidd, Prac. 1056. In 2 Sell. Prac. 484, the doctrine is thus laid down: "Error lies either in the same court where judgment was obtained, or in a superior court. It lies in the same court where judgment was given, when the error was not for any fault in the court, but for some defect in the process of the cause, other than in the judgment, or for default in adjudging execution, or for misprision of the clerk, or for error in fact." Dewitt v. Post, 11 Johns. 460; 1 Bibb, 351; 2 Bibb, 569; 3 Bibb, 291; 2 A. K. Marsh. 319; 3 A. K. Marsh. 561; 2 Litt. [Ky.] 163; 3 Litt. [Ky.] 1; 5 Litt. [Ky.] 56.[2]

1 [Reported by Samuel H. Hempstead, Esq.]
2 As to this subject, see, also, 2 Dunl. Adm. Prac. 1125; 2 Paine & D. Prac. 446; 2 Tidd, Prac. 1191; 3 Bac. Abr. tit. "Error" (I) 6, p. 366; 3 How. Prac. 259; 6 Wend. 50; Tidd, Prac. Append. 346.

From these authorities it is clear that a writ of error coram nobis lies in cases like the present; and if the plaintiff had not sued out a writ of error, with a supersedeas to the judgment, but had limited and restricted it to the execution, as ordered by the judge, he would unquestionably be entitled to recover the costs; but instead of conforming to the order of the judge, he has sued out a writ of error, with a supersedeas to the judgment, as well as the execution. Here was manifest error, and the supersedeas to the judgment has, during the present term, been set aside and discharged. Upon a proceeding so manifestly erroneous, on the part of the plaintiff, we think it only reasonable that he should be subjected to the costs.

It has been attempted to separate and distinguish the supersedeas from the writ of error; but they cannot be so separated or distinguished, for in truth the latter was a mere nullity without the former, and at common law the writ of error, from the time of its allowance, operated as a supersedeas. 2 Tidd, Prac. 1071; 2 East, 439; 1 Salk. 321. Execution quashed, and defendant to recover his costs; but the clerk is directed to tax no costs in his own favor against either party, as all the errors complained of originated with himself. Adjudged accordingly.