PHILLIPS *versus* ROUNDS.

The surety in a debtor's relief bond is discharged, if without his consent, the obligee, for a valuable consideration, extend the time for the principal to make his disclosure beyond the six months prescribed in the bond.

A consent by the principal, at the request of the creditor, to delay the making of his disclosure, is a valuable consideration.

The making of such a contract, on behalf of the creditor, for extending the time, is within the powers pertaining to his attorney appointed to act for him at the disclosure.

DEBT, upon a debtor's relief bond dated March 13, 1849. It is resisted by the surety. On the 12th of September, a court of two justices of the quorum was constituted to hear the disclosure of the debtor. The plaintiff had been duly cited, and appeared by his attorney. After a partial disclosure by the debtor, the plaintiff's attorney requested an adjournment to the 13th of September, which was granted. On that day the debtor attended, and the plaintiff's attorney requested and obtained a further adjournment to the 15th of September, he agreeing verbally with the debtor, that the proceedings on the 15th, (which would be after the expiration of the six months stipulated in the bond,) should have the same effect as if had on the 13th. On the 15th he obtained with the consent of the debtor, another adjournment to the 19th, upon entering into the following contract with him : —

" In the matter of the disclosure of Wm. Rounds on execution, *Ruel Phillips* v. *William Rounds*, before William C. Crosby and David McCrillis, Esqrs., I request that the hearing of the disclosure of said Wm. Rounds may be delayed, and I agree, that in case of there being a failure hereafter to disclose by reason of the act of God or sickness or any other unforeseen event, or any cause for which said Rounds is not responsible, that in consideration of delay granted at the instance and request of the creditor, that the condition of the bond shall be considered as fully complied with and its terms performed, and that the parties to said bond are to be discharged and are hereby discharged therefrom.

" It is further agreed, that the justices, or in case of disagree-

ment, the Court as hereafter constituted may administer the oath as if no delay now or heretofore had been granted and that said oath and certificate shall be binding, said disclosure to be continued till Wednesday next at 10 o'clock.

" I further engage and consent, if the justices determine that said Rounds is entitled to his discharge, to cancel and surrender up the bond."

The debtor failed to appear at the day of the adjournment, though not prevented by any of the causes mentioned in the agreement ; and the justices decided, that he was not entitled to the benefit of the poor debtor's oath.

The case was submitted to the Court for nonsuit or default.

*Prentiss* and *Rawson*, for the plaintiff.

*J. & M. L. Appleton*, for the defendants.

SHEPLEY, C. J. — The defendants did not perform the condition of their bond ; and the plaintiff will be entitled to judgment, unless he has by a valid agreement to extend the time of performance discharged the surety.

The attorney of the plaintiff by a written contract, not under seal, requested that the principal should delay performance for a stipulated time. The contract was declared to be made " in consideration of delay granted at the instance and request of the creditor."

It was stated in the case of *Leavitt* v. *Savage,* 16 Maine, 72, that a parol agreement of this description would discharge a surety. The consideration of delay named in this contract is a sufficient one ; the case having been continued, so that the defendant could not perform until the subsequent day.

An attorney retained to manage a cause before any tribunal, has authority to apply for a continuance or postponement of the trial or hearing ; and he may make an agreement to effect that object, which will be binding upon his client. This power was recognized in the cases of *Moore* v. *Bond,* 18 Maine, 142 ; *Washburn* v. *Mosely,* 22 Maine, 160, and *Fales* v. *Goodhue,* 25 Maine, 423.

The counsel for the plaintiff contend, that proof, that time

was given to the principal without consent of the surety, cannot be received under the general issue and the brief statement filed in this case ; and refer to the case of *Washburn* v. *Mosely*, as so deciding.

The parties in this case have agreed upon a statement of facts, and that the Court shall decide the case upon the facts agreed, and not upon such part of them as are legally admissible under the pleadings. The Court cannot therefore exclude from its consideration any of the agreed facts, or refuse to apply the law to them.

In the case of *Fales* v. *Goodhue*, it does appear that an adjournment for the debtor to make his disclosure, was ordered on motion of the plaintiff's attorney, to a time beyond the day of performance. This was the only agreement. The fact appears to have been used only as proof, that the plaintiff could not be permitted to object, that performance on the day, to which the proceedings were adjourned, would be good.

No question appears to have been presented or decided respecting its effect upon the surety.

*Plaintiff nonsuit.*