ROBARDS, Respondent, *vs.* SAMUEL, Appellant.

1. A bond exacted by a sheriff, to compel the delivery of property levied upon which is exempt from execution, is void, unless the defendant, either by act or omission, waives his rights.

*Appeal from Hannibal Court of Common Pleas.*

This was a motion for judgment on a bond given by Robert Hance, as principal, and R. P. Samuel, as security, for the delivery of a horse which was levied upon under an execution against Hance. At the hearing, the defendant, Samuel, offered to prove that the horse was exempt from execution, and was so claimed by Hance; and that, notwithstanding this claim, the sheriff persisted in refusing to restore the horse, unless Hance would execute a bond for his delivery upon the day of sale, and that the bond was thus illegally and oppressively extorted. The court refused to admit this evidence, and gave judgment for the plaintiff, from which the defendant appeals.

*Richmond,* for appellant. An officer cannot require a bond for the forthcoming of property which is exempt from execution, and when given it is void.

*A. H. Buckner,* for respondent. It is at the option of the defendant in an execution to avail himself of the benefit of the exemption or not. By giving bond for the delivery of exempted property, he waives his rights. He should have refused to give the bond, and thus have made the sheriff liable as a trespasser; or having given it, he should have delivered the property according to its condition, and then asserted his rights. But having suffered the bond to be forfeited, it is too late to claim the benefit of the law. *Page & Bacon* v. *Butler*, 15 Mo. Rep. 73. The defendant is estopped by the recitals in his bond, which admit in effect that the property was subject to the execution. The only admissible defence is, that

the bond is void. This cannot be claimed, because it was given by the obligors with a full knowledge of their rights, and was not obtained by any fraud, duress or misrepresentation.

SCOTT, Judge, delivered the opinion of the court.

1. This case is not like that of *Page & Bacon* v. *Butler*, 15 Mo. Rep. 73, where it was held, that a party to a forthcoming bond for the delivery of property seized under an execution, could not, after a forfeiture of the bond, successfully assert a claim to the property mentioned in it. Our courts have repeatedly held, that a voluntary bond, given to an officer, if not contrary to the policy of the law or in violation of some statutory enactment, is valid and will support an action. But bonds extorted involuntarily, by virtue of any authority, or to compel a man to do an act which he is not bound to do, are void. The objection to the bond in controversy is, that it was taken to compel the delivery of property which was not subject to execution. If such was the case, the officer had no warrant in law for his proceedings. If the defendant in the execution pursued the proper course to relieve his property from the execution, it should have been restored to him without exacting any bond for its delivery at a subsequent day. If he failed to do this, or if he waived an appraisement of the property when an opportunity was offered to do this, he should be bound. The facts not appearing in the case, the judgment will be reversed and the cause remanded, with the concurrence of the other judges.