## WATERMAN & RYAN, Respondents, *vs.* FRANK & OTHERS, Appellants.

1. A delivery bond given for property seized under execution does not take away the trial of the right of property when a claim is interposed, nor the power of the plaintiff, by giving a bond of indemnity, to compel the officer to sell, notwithstanding a verdict for the claimant.

2. A delivery bond, although given by a party other than the defendant in the execution, and made payable to the officer instead of the plaintiff, is good as a common law bond, although, not being in conformity with the statute, it would not authorize the summary statutory proceedings.

3. In a suit upon a forfeited delivery bond, given by the claimants of property seized under execution against another, the defendants cannot be permitted to show in mitigation of damages that the property belonged to them.

4. Under the practice act of 1849, a bond with a collateral condition may be assigned, so as to enable the assignee to sue in his own name.

### *Appeal from St. Louis Court of Common Pleas.*

This was an action upon a penal bond given by Charles Frank and John Valentine, as principals, and Philip Walter, as security, to E. G. Clark, a constable of St. Louis township, conditioned for the delivery, upon the return day of the writ, of certain property which had been seized under an execution issued by a justice of the peace in favor of Waterman & Ryan against Benjamin Mendheim. Before the return day of the execution, the obligors in the bond interposed a claim to the property. The constable summoned a jury to try the right of property, and the trial resulted in a verdict for the claimants. The plaintiffs in the execution then executed to the constable a bond of indemnity under the statute, and required him to sell the property, notwithstanding the verdict of the jury. The property seized not being delivered according to the condition of the bond, and no other property being found upon which to levy the execution, the same was returned unsatisfied. The constable then assigned the delivery bond to the plaintiffs in the execution, who bring this suit upon it. The defendants demurred to the plaintiff's petition, on the ground that the bond was not assignable, but the demurrer was overruled. They then

answered, setting up their right of property, and the verdict of the jury prior to the forfeiture of the bond as a defence. This answer was, on motion, stricken out, and a judgment rendered for the plaintiffs, from which the defendants appealed.

*H. N. Dedman,* for appellants.   1. The bond is not assignable, so as to enable the assignees to sue thereon in their own names.   (*Thomas* v. *Cox,* 6 Mo. Rep. 506.)   2. The bond is not such an instrument as the statute permits a constable to take.   (R. C. 1845, p. 482, § 31.)   3. The verdict of the constable's jury was a legal excuse for the non-delivery of the property.   (R. C. 1845, p. 663, § 12.   *Page & Bacon* v. *Butler,* 15 Mo. Rep. 73.   7 Blackford, 43.)

*A. P. & P. B. Garesché,* for respondents.

SCOTT, Judge, delivered the opinion of the court.

The statute, in permitting a delivery bond to be given for property seized under execution, did not contemplate taking away a trial of the right to the property seized, interposed by a claimant.   The statutes in reference to this subject should be construed so as to make them stand together.   After giving a right to a trial, it could not have been intended that the officer or the defendant in the execution might, at will, defeat it by a delivery bond.   If this right is preserved to the claimant, then a power to the plaintiff in the execution of compelling the officer, by a bond of indemnity, to sell, notwithstanding a verdict in favor of the claimant, follows as a necessary consequence. (R. C. 1845, tit. Justices' Courts, art. 7, sec. 16, p. 663.)

The difficulty in this case grows out of the fact that the bond for the delivery of the property does not conform to the requirements of the statute.   The 39th section of the act concerning executions, makes the 31st and the seven following sections of that act applicable to justices' courts.   The 31st section requires that the bond taken by officers for the delivery of property seized under execution, shall be given by the defendant in favor of the plaintiff.   The bond in this case and

8—XXI.

on which this suit is brought, is not given by the defendant, nor is it payable to the plaintiff. It is clear that such a bond would not sustain the summary proceedings authorized by the statute on regular bonds. It does not appear that the defendant assented to the act of the obligors in giving the bond, and, without their consent, they could not be subject to the proceedings on such bond contemplated by the statute. The bond not being such as was required, the plaintiffs in the execution would not be bound to accept it, but might disregard it and hold the constable liable for neglect of duty, in the event the property was not restored on the day of sale.

But, as the plaintiffs have accepted the bond from the constable, and brought this suit upon it, two questions arise ; whether this action can be sustained in the name of the plaintiffs, and whether the bond, not being good as a statutory one, an action at all can be maintained upon it in anybody's name. In those states in which delivery bonds are allowed to be taken by an officer seizing property by virtue of an execution, the doctrine is maintained that a bond, not valid as a statutory one, is yet good as a common law bond. That is, although such bond would not authorize the summary proceedings given by the statute on them, yet, not being considered as within the influence of the statute of 23 Henry VI, ch. 9, and being valid on general principles, they would support an ordinary action at law. (*Johnston* v. *Meriwether*, 3 Call, 527. *Poston* v. *Southern*, 7 B. Mon. 289. *Drake* v. *Moore*, 1 Bibb, 351.) The case of *Meze* v. *Howver*, (1 Leigh, 442,) does not contradict that cited from Call, for it must be borne in mind that this last opinion was expressed on a motion in a summary way on the bond. The principle has been frequently recognized in this state, that a bond not good as a statutory one, may be upheld as a bond at common law, where it is not prohibited being taken, and there is nothing in it showing that it contravenes the policy of the law. In a word, that it is no objection of right to a bond taken by an officer, that there is no statute law authorizing it to be taken. If there is nothing in

the bond tending to oppression or extortion, nor contravening public policy, its validity will depend on those considerations which affect bonds between individuals, voluntarily executed.

It may be said that, as this is a common law bond, the defendants should be permitted to show, in mitigation of damages, that the property belonged to them, and that no injury was sustained by their failure to deliver it in pursuance to the condition of the bond, as was done in the case of *Burseley* v. *Hamilton*, (15 Pickering.)   To this it may be answered that, as the officer, by the failure of the defendants, became liable to the plaintiffs for the debt, it is not just that this responsibility should rest on him, as it was caused by the act of the defendants.   As the liability of the officer to the plaintiffs was incurred by the fault of the defendants, it is nothing but right that they should be indemnified by them.   The statute here, empowering the plaintiff to indemnify the officer, and compelling him to sell, notwithstanding the property is found not to belong to the defendant in the execution, makes the difference between this case and that of *Burseley* v. *Hamilton*.

A bond with a collateral condition was not assignable under the former system of practice, so as to enable the assignee to maintain an action thereon in his own name.   Such an instrument was not assignable, within the meaning of the statute concerning bonds and notes.   (*Craig* v. *Craig*, 1 Call, 483.), But, as the present practice act requires a suit to be brought in the name of the party really in interest, and as it is not denied but that the bond in suit has been assigned to the plaintiffs, they are like the assignees of an open account, who may maintain an action in their own name, as has been repeatedly held by this court.

The other judges concurring, the judgment will be affirmed.