# Edward Campau v. John Seeley and another.

*Superior court of Detroit: Statute construed: Special bail: Transfer of causes.*
Under the act establishing the superior court of Detroit (*Laws of 1873, p. 67, § 21*) a plaintiff who transferred his cause pending in the Wayne circuit court to the superior court of Detroit, is held to have thereby released the special bail, by recognizance in the usual form, before given to the action in the circuit court.

*Special bail: Suretyship.* The obligations of special bail are in the nature of those of sureties, always and properly recognized as being *strictissimi juris*, and discharged by any thing which affects in any manner the nature and extent of their contract in such manner as might by any reasonable probability increase their risk or liability.

*Statute construed: Legislative intent: Attachment lien: Special bail.* The fact that the statute makes express provision for preserving the lien of an attachment in cases transferred, and makes none for preserving the obligation of special bail, has some force as indicating an intent that the transfer should operate to discharge such bail, for it is evidence of a legislative opinion that without such express provision the lien of the attachment would not, or at least might not, continue; and from the nature of the case there is quite as strong, if not much stronger ground for supposing that the obligation of bail would not accompany the transfer without a similar express provision.

*Superior court act: Transfer of causes: Release of special bail: Legislative intent.* But the provision of the statute requiring the defendant, before he can procure a transfer on his application, to give security in the circuit for his entering special bail in the superior court after the transfer, indicates a clear legislative understanding and intent that the obligation of such bail originally given in the circuit should not accompany the transfer to the superior court.

*Statute construed: Natural meaning of language: Legislative intent.* The general provision of the statute that "any bail that shall originally have been taken shall be discharged," was intended for all cases transferred, whether on the application of the plaintiff or of the defendant; such is the plain, natural and direct meaning of the language used, and this meaning so far from leading to any thing unreasonable or absurd,—which alone would justify a departure from such meaning,—is entirely harmonious with what otherwise appears to have been the legislative intent.

*Heard July 9. Decided July 21.*

Error to Superior Court of Detroit.

*S. Larned* and *Henry M. Cheever*, for plaintiff in error.

*F. A. Baker,* for defendants in error.

CHRISTIANCY, J.

The only question in this case is, whether a plaintiff, transferring from the Wayne circuit to the superior court

of Detroit, a cause which was pending in said circuit court on the 28th of March, 1873 (when the act establishing the superior court was passed), does, by such transfer, release the special bail which may already have been given (by recognizance of special bail in the usual form) to the action in the circuit court.

The superior court, in this action upon such recognizance of special bail, held the bail discharged; and the plaintiff has removed the case to this court by writ of error and bill of exceptions.

This question depends wholly upon section 21 of the act of March 28th, 1873 (*Laws of 1873, pp. 67 and 68*) establishing the superior court, which provides how causes may be thus transferred by either party, and the consequences of such transfer, which section is in these words: "If either party to any cause now pending in the circuit court for the county of Wayne, and within the jurisdiction of said superior court, shall, after the taking effect of this act, or if the defendant, in the case of a suit within such jurisdiction, hereafter commenced, at the time of entering his appearance in said circuit court, shall file a petition for the removal of the cause into the said superior court for the city of Detroit, and shall offer good and sufficient security for entering, in said last mentioned court, on the first day of its next term, copies of all papers filed, and proceedings had, in said cause in the said circuit court, and *also* for his *there appearing and entering special bail in the cause,* if special bail was originally requisite therein, it shall then be the duty of said circuit court for the county of Wayne to accept the surety and proceed no further in the cause; *and any bail that shall originally have been taken shall be discharged;* and the copies of said papers and proceedings, being so entered and filed as aforesaid in such superior court for the city of Detroit, the cause shall then proceed in the same manner as if it had been originally brought in said court; and any attachment of the goods or estate of the defendants, by the original process, shall hold the goods

or estate · so attached to answer the final judgment, in the same manner as they would have been held to answer final judgment, had it been rendered by the court in which the suit was commenced: *Provided, however,* That no cause pending in said circuit court when this act takes effect shall be thereafter removed, under the provisions of this section, during a trial or hearing thereof."

Our first impression, from the reading of this section upon the argument, was, that the judge of the superior court had erred in his interpretation; but we soon began to discover reasons for doubting the correctness of our first impressions; and the full and very thorough discussion by counsel upon the argument, and a careful consideration of the statute since, have satisfied us that the conclusion of the judge was correct. It is true that the section requires the party seeking to remove the cause and filing a petition for that purpose, to "offer good and sufficient security for entering in the last mentioned court [the superior court] on the first day of its next term, copies of all papers filed and proceedings had in said cause in said circuit court, *and also for his there appearing and entering special bail in the cause, if special bail was originally requisite therein,* it shall then be the duty of the circuit court" " to accept the surety and proceed no further in the cause ;". and these provisions, so far as they relate to special bail, though in *form* the language applies equally to both parties, would seem from their very nature to be applicable in *meaning,* only to the defendant, because he alone gives such bail; a plaintiff never. And we were at first inclined to think that the sentence immediately following that last quoted, and separated from it only by a semicolon, viz.: "and any bail that shall originally have been taken shall be discharged," tended to support the inference that the bail was only to be discharged when the defendant was the party removing the cause, and that the provision for the discharge of bail originally given in the circuit was only co-extensive with that requiring him to give new bail in the court to which the

cause was removed. But this is not the natural and direct meaning of the language used, which applies equally, whether the cause be removed by one party or the other, and is, by the natural and direct meaning of the words used, universal and absolute, applying to every cause thus transferred, without reference to the party by whom the transfer is made. And when the point is more closely examined, it will be seen that the inference of an intent to limit this absolute provision for the discharge of bail, to cases where the defendant transfers the suit, is not very strong; if it is not, in fact, a *non sequitur* from the premises. The premises are, that a defendant alone gives bail, and that he, therefore, is the only party required to give security before the cause is transferred, that he will, after such transfer, give the bail. But when we are asked to define just how these premises support the inference of a legislative intent that, when the plaintiff transfers the cause, the bail shall not also be discharged, the weakness of such an inference will begin to appear; and the premises from which the inference is sought to be drawn are found to be in no manner inconsistent with a provision which should expressly require the discharge of defendant's previous bail, when the plaintiff elects to transfer the cause to another court; and the language of the provision here is express to this effect, applying as well (in form certainly) whether the cause be transferred by the one or the other. When, therefore, all the provisions upon this subject are carefully analyzed, it will be found, we think, that the main reason, after all, for the impression produced by the first reading, viz.: that the bail was only to be released when the cause should be transferred by the defendant,—is, that it would, at first view at least, seem that such would have been a reasonable provision under the circumstances, had the legislature chosen to enact it. But even the reasonableness of such a provision, upon a careful examination, is not quite so obvious as might at first appear.

The obligations of special bail are in the nature of those

CAMPAU *v*. SEELEY.

of sureties,—always and properly recognized as being *strictissimi juris*, and discharged by any thing which affects in any manner the nature or extent of the contract into which they have entered, in such manner as might, by any reasonable probability, increase (if not merely to change) their risk or liability. And it certainly is not entirely clear that, because parties have consented to become bail for a party in a cause in one court, they would necessarily have become such bail in the same cause in another court. There may perhaps be such differences in the modes of proceeding, or the frequency of terms, and, therefore, the earlier or later period at which a judgment might be obtained, or the mode of selecting juries, or the vicinage from which they are to come (differences which do, in fact, exist between the two courts here in question), that there is some ground, at least, for saying that the fact that certain persons have consented to become bail in the one court, is no good reason for holding they would necessarily have consented to become such in the same case in another court.

Influenced by such considerations, the legislature might very naturally have concluded that the transfer of a cause from the circuit, in which bail had been taken, to the superior court, would not, and ought not to, carry with it to the superior court, as an incident, the obligations of the bail taken in the cause in the circuit. And, upon careful examination, it will be found not only probable, but morally certain, that such was the understanding and intention of the legislature. *First,* There is no provision in the act affirmatively providing for continuing the responsibility of the bail in the court to which the cause is transferred, or that the transfer shall, as an incident, carry the bail with it; *second,* They do expressly provide that in attachment cases pending in the circuit, and thus transferred, the original process shall continue to hold the goods or estate attached; thereby showing the legislative opinion that, without such express provision, the lien of the attachment would not, or at

least might not, continue. And, from the nature of the case, there is quite as strong, if not much stronger, ground for supposing that the obligation of bail would not accompany the transfer without a similar express provision.

But, *finally,*—and which we deem entirely conclusive of the legislative understanding and intent,—they have clearly and affirmatively shown that they did not understand or intend that the obligation of bail should be transferred with the case, by a provision which requires the defendant, before he can have a transfer, to give security in the circuit for his entering special bail in the superior court after the transfer. This provision certainly was idle and senseless, if the legislature supposed or intended that the obligation of bail given in the circuit would, or ought to accompany the transfer to the superior court. And no plausible reason can be given why the transfer, when made by the defendant, should not carry the obligation of the bail, as well as when made by the plaintiff. But, in this view, there was a good reason why the transfer, when made by the plaintiff, should not carry the bail with it; since the transfer is his own act, and, upon what seems clearly to have been the understanding of the legislature, he would thereby elect to discharge the bail; but the defendant could not make the transfer without giving security for entering new bail.

These considerations satisfactorily and affirmatively show that the provision declaring generally that, "any bail that shall originally have been taken shall be discharged," was intended, according to the plain, natural and direct meaning of the words, for all cases transferred, whether the transfer should be made by one party or the other; and this plain, ordinary and direct meaning, so far from leading to any thing unreasonable or absurd,—which alone could justify a departure from such meaning,—is entirely harmonious with what otherwise appears to have been the legislative intent.

We think the judge of the superior court was right in his construction of the statute, and the judgment of that court must be affirmed, with costs.

The other Justices concurred.