F. X. MARCHILDON, Appellant, v. PATRICK O'HARA, Respondent.

St. Louis Court of Appeals, January 17, 1893.

1. **Waiver of Right to Exemptions:** GARNISHMENT AT THE INSTANCE OF THE EXECUTION DEBTOR. The mere fact that an execution debtor procures the garnishment of one who owes him money will not debar him from claiming his exemptions out of the debt, if the debt exceeds the amount of the exemptions, since his action is consistent with an intention to only appropriate the excess to the payment of the execution.

2. **Garnishment:** RIGHT OF EXECUTION DEBTOR TO EXEMPTIONS OUT OF FUND PAID INTO COURT. An execution debtor is entitled to claim his exemptions out of funds paid into court by his debtor as garnishee under the execution.

*Appeal from the Cape Girardeau Circuit Court.*—HON. H. C. O'BRYAN, Judge.

AFFIRMED.

*J. W. Limbaugh*, for appellant.

(1) Defendant's exemption rights could not be tried and determined by a motion to quash the levy of an execution. *State ex rel. v. Bierwirth*, 47 Mo. App. 551; *State ex rel. v. Barada*, 57 Mo. 562; *State v. Barnett*, 96 Mo. 133; Freeman on Executions, sec. 271. (2) Assuming that a defendant's exemptions may be set apart to him under a proceeding to quash the levy of an execution, yet when such levy is made by his direction his right to make the claim is lost. He may thus waive his right to claim his exemptions. *Hombs v. Corbin*, 20 Mo. App. 497.

No brief filed for respondent.

ROMBAUER, P. J.—The defendant, claiming that one Ball was indebted to him in the sum of $855 for work done on the St. Louis, Iron Mountain & Southern railroad as subcontractor under said Ball, brought suit against Ball and the railroad company, and recovered a judgment against both for $353.55 on May 7, 1891. The plaintiff sued the defendant on an open account, obtained judgment against him on January 4, 1890, and caused the railroad company to be summoned as garnishee on an execution issued on this judgment. There being a number of claims outstanding against the defendant, the railroad company asked and obtained leave to pay this amount of $353.55 and interest into court. The defendant O'Hara, thereupon, filed a motion to quash the levy of the execution as far as this money is concerned, on the ground that the judgment against the railroad company was not a personal judgment, and, hence, not subject to seizure, and, on the further ground that he was the head of a family, had no property specifically exempt by statute, and the sheriff in mak-

ing the levy failed to notify him of his exemptions. This motion upon its trial was by consent of court, and without objection as far as the record shows, changed into a motion to set off and admeasure the defendant's exemptions in the money thus paid into court by the railroad company. A hearing of the motion before the court resulted in a judgment order that the clerk, out of the money thus paid into court, pay to the defendant O'Hara the sum of $300 in lieu of his specific exemptions as the head of a family, and that he retain the residue subject to future orders. From this judgment the plaintiff appeals, and assigns for error that the court erred in its declarations of law and in its finding on the evidence.

Besides the facts above recited, which are conceded by the record, there was evidence adduced by the plaintiff, which tended to show that he instituted the suit and garnished the railroad company upon the defendant's request, and that the defendant told him he was anxious to see him paid out of his claim against the railroad company. The defendant gave evidence tending to show that these requests took place before he recovered his judgment against the railroad company, and when he thought his claim against the company amounted to $855 and was ample, over and above his exemptions of $300, to pay the plaintiff's claim in full. The defendant also gave evidence tending to show that he was the head of a family, and had no other property but wearing apparel, besides this judgment.

The plaintiff asked the court, but it refused, to declare the law as follows: "The court declares it to be the law that a defendant in execution may waive the exemptions given him by the statutes; and, if the court believes from the evidence that defendant O'Hara told plaintiff to reduce his claim to judgment, and directed him to garnish the railroad company for the purpose

of making his debt against defendant O'Hara, and that plaintiff, in pursuance of O'Hara's directions, garnished said railroad company on execution for said debt, O'Hara cannot now claim said judgment against the railroad company as exempt from plaintiff's execution, and the finding should be for plaintiff.''

There was no error in this ruling. A person may unquestionably waive his exemptions in favor of any creditor (1 Freeman on Executions, sec. 214; *Robards v. Samuel*, 17 Mo. 555), but all the facts hypothetically stated in the instruction do not constitute a waiver as a matter of law. Waiver is a question of intention and a fact to be determined by the triers of the fact (*Ehrlich v. Ins. Co.*, 88 Mo. 249), and the court could not declare as a matter of law that certain facts, if shown, amounted to a waiver, when such facts were in no way conclusive on the question of intention. Not only the defendant's claim but even the defendant's judgment was in excess of his exemptions, and his request to the plaintiff to garnish the railroad company is not at all inconsistent with an intention on his part, that the plaintiff by such garnishment should secure everything beyond the defendant's exemptions.

The plaintiff asked the following instruction, which the court gave: ''The court declares the law to be that the defendant cannot by motion to quash the levy of execution herein have his exemption rights determined.''

While the record is silent on the subject, it was probably owing to this instruction that the defendant changed the form of his motion upon the trial. As no exceptions were saved to the ruling of the court in permitting the change, there is nothing before us for review on that subject. It will not be seriously contended that a debtor may not claim his exemptions in funds which the garnishee has paid into court. Since

the claim is in the nature of a personal privilege, which the garnishee cannot assert for the debtor, it is proper for the debtor to assert his claim after the garnishee has paid the fund into court.

Finding no error in the record the judgment is affirmed. All concur.