Thomson, J.
In Angnst, 1892, Stubbs and Jakway brought replevin against George A. Smith, J. T. Smith and W. H. Smith, to recover the possession of certain specific personal property. The sheriff executed the writ by tailing the property into his possession, and thereupon W. H. Smith, as principal, and the appellants herein, as sureties, executed and delivered to the sheriff the following writing obligatory:
*132 “ Know all men by these presents, that we, W. H. Smith, E. L. Roberts, Morris Lonergan, Geo. Hemphill and Jos. Bordeleau are held and firmly bound unto Henry Sherman, sheriff of the county of San Juan, in the state of Colorado, and to his executors, administrators and assigns, in the penal sum of thirty-two hundred dollars, lawful money of the United States, for the payment of which sum we hereby jointly and severally bind ourselves, our heirs, executors and administrators. The condition of this obligation is such, that whereas, a certain writ of replevin was lately issued from the district court of said county of San Juan in favor of Stubbs & Jakway, plaintiffs, and against the above bounden W. H. Smith, defendant, dated the 29 th day of August, eighteen hundred and ninety-two, and directed to the sheriff of said county to execute. By virtue of which said writ, the said sheriff, Henry Sherman, has levied upon and taken as the personal property of the said defendant: * * * And whereas, the said W. H. Smith, defendant, is desirous of retaining the said property in his possession, according to the provisions of the statute: How, if the said W. H. Smith, defendant, shall have or cause the said property to be forthcoming and delivered to the said plaintiff, if the delivery be adjudged, and for the payment to him of such sums as may, for any cause, be recovered against the defendant herein in said county of San Juan, and shall not in the meantime dispose of or injure the said property or any part thereof, nor suffer or permit the same to be disposed of or injured, or diminished in value, then this obligation to be null and void; otherwise to remain in full force and effect.
“ Witness our hands and seals this 31st day of August, eighteen hundred and ninety-two.
“ W. H. Smith, [Seal.]
“ E. L. Roberts, [Seal.]
“Morris Lonergan, [Seal.]
“ Geo. Hemphill, [Seal.]
“ Jos. Bordeleau. [Seal.] ”
*133 Upon the execution of the foregoing instrument, the sheriff delivered the property he had taken by virtue of the writ, to W. H. Smith. In 1896, a trial of the cause resulted in a verdict for the replevin plaintiffs, and a judgment against W. H. Smith, for the delivery of the property to them; or, in case the delivery could not be had, for the sum of $1,000, the value of the property, and for costs. An execution was issued on the judgment commanding the sheriff to cause the property to be delivered to the plaintiffs, or in case of failure in that, to cause to be made the $1,000 and costs. The execution was returned wholly unsatisfied. Henry Sherman, sheriff, then assigned the forthcoming bond to Stubbs & Jakway, who brought this suit upon it, against the sureties, assigning as breaches of its conditions the recovery of the judgment in replevin, and the failure of the principal obligor, W. H. Smith, to deliver the property to the plaintiffs, or pay its adjudged value. A demurrer to the complaint was overruled, and the defendants answered. The questions arising upon their answer will be considered farther on. The plaintiffs had judgment, and the defendants appealed.
It is very strongly urged for the defendants that the bond in suit is not valid as a statutory bond, for the reasons that it was not made to the person designated by the statute; that it was executed by only one of the defendants ; and that it contains conditions not prescribed by the statute; and that it is void as a common-law bond, because it was supported by no sufficient consideration. We shall subject these propositions to a careful examination. The following is the statutory provision concerning forthcoming bonds in replevin: “At any time within forty-eight hours from the time of the taking of the property and the service of the writ, the defendant may, if he do not except to the sureties of the plaintiff, require the return of the property upon giving to the sheriff a written undertaking, executed by two or more sufficient sureties who shall justify before such undertaking shall be accepted or approved, to the effect that they are bound to the plaintiff in double the value of the property, as stated in *134 the affidavit of the plaintiff, for the delivery thereof to the plaintiff, if such delivery be adjudged, and for the payment to him of such sum as may, for any cause, be recovered against the defendant. If a return of the property be not so required in such time, it shall be delivered to the plaintiff, except as provided in this chapter.” Mills’ Ann. Code, sec. 83. To make the obligation in suit a compliance with the foregoing section, it should have bound the obligors to the plaintiffs for the performance of its conditions. That section requires a written undertaking, executed by two or more sureties, to the effect that they are bound to the plaintiff, etc. This bond was not so drawn. The obligors bound themselves to the sheriff; but while, nominally, he was the obligee, the obligation was conditioned for the delivery of the property, or the payment of its value, not to him, but to the plaintiffs. It appears very clearly upon the face of the instrument, that its sole purpose was to indemnify the plaintiffs, and that the sheriff had no interest in the bond. It was their bond and not his. But it was not a compliance with the Code provision, and was, therefore, not a statutory security. However, its want of conformity to the statute, will not alone render it void. An obligation entered into voluntarily, and for a sufficient consideration, unless it contravenes the policy of the law, or is repugnant to some provision of the statute, is valid at common law. Barnes v. Brooknan, 107 Ill. 317. See also Robards v. Samuel, 17 Mo. 555. This bond was the voluntary act of the defendants; its consideration, namely, the relinquishment by the sheriff to the principal obligor of the property which had been taken, was sufficient; and none of its conditions, whether statutory or not, was, in anywise, in contravention of the policy of the law, or repugnant to the provisions of any statute. It was held in Waterman v. Frank, 21 Mo. 108, that a delivery bond, given by a party other than the defendant, for property seized under execution, and made payable to the officer levying the writ instead of the plaintiffs, where the statute required the bond to be given by the defendant, and in favor of the plaintiff, was *135 nevertheless valid as a common-law obligation. In their facts, that case and the one at bar are exactly parallel. These sureties entered into this obligation voluntarily; they had the legal right to make the contract, it accomplished the purpose for which it was executed, and they cannot now be heard to say that simply because it fails of conformity with the statutory provisions, it is void.
The plaintiffs were the real parties in interest, and possibly might have maintained this suit in their own names, without an assignment from the sheriff. That officer was merely a nominal obligee in an instrument executed for the exclusive benefit of the plaintiffs; and the assignment which he made, and which, if it was necessary, it was his duty to make, removes whatever doubt might otherwise exist as to the right of the plaintiffs to sue in their own names. Patterson v. Mater, 26 Fed. Rep. 31; Waterman v. Frank, supra.
The point was made by the sureties, upon their demurrer to the complaint, that the plaintiffs could not maintain their action, because they had failed of compliance with an act of the legislature, approved March 31, 1897, requiring partnerships doing business under any name other than the personal names of the constituent members, in order to enable them to prosecute suits for the collection of debts due them, to file for record with the recorder of the county in which they do business, an affidavit setting forth the full Christian and surnames of all the members of the partnership. Session Laws, 1897, p. 248. This objection was not warranted by the facts; but even if it was, it could not be taken by demurrer. In so far as the pleadings advise us, the partnership was doing business under the personal names of its constituent members. It appears to have been composed of two persons, one of whom was named Stubbs, and the other Jakway, and its name was Stubbs & Jakway. The purpose of the statute was to afford the public the means of ascertaining the individual names of persons doing business under a common name, where such names could not be found in the common name itself. In this case the common name was composed of the names of *136 the individuals. But even if the proceeding prescribed in the statute was required of this partnership, it was unnecessary to set it forth in the complaint. Obedience to law is always presumed, and if the fact was otherwise, it should have been so made to appear in the answer.
A demurrer to the sixth defense of the defendants’ answer was properly sustained. The following was that defense: “That these defendants are informed and believe, and so upon information and belief allege the truth to be: That at the time of the alleged execution of the undertaking in the plaintiffs’ complaint set forth, the said Roberts placed his signature to said instrument upon the express agreement, understanding and condition that certain other solvent and financially responsible persons, to wit, George Hemphill, Joseph Bordeleau and a certain other solvent and financially responsible person would also sign said instrument and become cosureties with him, the said Roberts; that the said Hemp-hill and Bordeleau likewise signed the said instrument, only upon the understanding, agreement and condition, that the said Roberts and one other person should sign and become bound as cosureties with them; that after these defendants had so been procured to sign said instrument, one Morris Lonergan signed said instrument, and that no other person ever did, at any time, sign the same as cosurety; that the said Lonergan is, and at all times herein mentioned was, insolvent; that neither of these defendants knew that said Lonergan had signed the same, and that neither of them ever, at any time, consented or agreed to become cosureties with the said Lonergan, or to enter into said undertaking, without the signature of said fourth solvent surety, and that neither said Bordeleau, nor said Hemphill, would have entered in said undertaking but for the said signature of the defendant Roberts thereto; and that these defendants therefore should not be held on the said undertaking.” The matters contained in this answer are not set forth as facts. Their sole foundation is information imparted to the defendants, and a belief resulting from the information. But if there was such *137 an agreement as is stated, it was made by the defendants; and the condition upon which they consented to sign the bond, was their own. They therefore knew whether there was such an agreement or not. Yet they alleged it, not as of their own knowledge, but as having been informed of it. From the very nature of the fact alleged, it must have been within their knowledge; and to aver it on information and belief, was improper pleading. See Bliss on Code Pleading, § 326; Kephart v. People, 28 Colo. 73 ; 62 Pac. Rep. 946 ; 2 Colo. Dec. 341.
A question, apparently of more difficulty, arises upon the fifth defense to which also a demurrer was interposed and sustained. The allegations of that defense were that at the time of giving the bond, the principal obligor was solvent, and so continued until after the expiration of a reasonable and sufficient time for the recovery of judgment; but that the plaintiffs, with the purpose of unlawfully, wrongfully and fraudulently injuring the sureties, and of unlawfully and fraudulently obtaining from them payment of cash on the bond, instead of procuring the property through the regular and timely proceedings of the court, wrongfully, negligently and fraudulently delayed and abandoned the prosecution of their suit for an unreasonable length of time; that without the knowledge or consent of the sureties, by valid agreement between themselves and the principal obligor, without cause and in furtherance of their fraudulent purpose, the action was continued for long and definite periods of time, and that during the period of wrongful and fraudulent delay, the principal obligor became financially embarrassed, and the property for the forthcoming of which the bond was given, was wasted and lost.
Sureties on bonds given in judicial proceedings are upon the same footing with sureties in other cases ; their rights and remedies are the same; and whatever will discharge sureties directly liable for the debt, will discharge them. Campau v. Seeley, 30 Mich. 57 ; Toles v. Adee, 84 N. Y. 222. A. binding agreement between the creditor and the principal, *138 made before or after the commencement of suit, by which proceedings against the principal are delayed for a definite time without the consent of the surety, operates to discharge the latter. Comegys v. Booth, 3 Stew. (Ala.) 14; Nisbet v. Smith, 2 Brown’s Ch. 449 ; Phillips v. Rounds, 33 Me. 357 ; Blaine v. Hubbard, 4 Pa. St. 183 ; Toles v. Adee, supra; Brandt on Suretyship and Guaranty, §§ 342, 373, 378.
It is not alleged in this defense that the agreement between the plaintiffs and the principal obligor was followed by any order of the court continuing the cause. The continuances to which the defense refers, were, so far as its disclosures are concerned, merely postponements of the trial of the case, for different periods, by agreement of parties. The agreement not having resulted in any order of the court preventing the plaintiffs from pressing for a trial, the question now is whether the agreement for delay, as it is stated in the defense, tied the hands of the plaintiffs, so that they were compelled to remit their prosecution until the agreed period had expired. To have the effect of discharging the sureties, the agreement must have been one by which the plaintiffs were legally bound. The plethoric and redundant charges of wrong, negligence and fraud, have no relevancy to the question to be determined. It is what the plaintiffs did, and not what they thought, from which the liability or nonliability of the sureties must be found. If, by an agreement between the plaintiffs and the replevin defendants, or any of them, the former became legally barred from the prosecution of their action for a definite period of time, their act might be available to the sureties as a defense. But it is only in case the agreement could be enforced against the plaintiff, that such a result would follow. If it lacked some element necessary to render it enforcible, the plaintiffs were still at full liberty to push their suit, and the liability of the sureties was unaffected; and it is absolutely unimportant with what motives the plaintiffs entered into a void agreement.
Now, as a statement of an agreement by which the plaintiffs bound themselves in law to refrain from the prosecution *139 of their suit, this defense is a failure. To make the agreement binding upon the plaintiffs, it must have been supported. by a sufficient consideration; but no consideration whatever is alleged. It is averred that the agreement was valid; but that statement might as well not have been made. It is the statement of an unmixed legal conclusion and must be disregarded. In Winne v. Colorado Springs Co., 3 Colo. 155, the plea of the sureties was that the appellee, without their consent, gave the principal maker of the note further time for its payment for a good and valuable consideration. Chief Justice Thatcher held the plea bad, for the reason that the averment of a good and sufficient consideration was simply the statemeflt of a conclusion of law, saying further that the facts should have been disclosed. The demurrer to the defense under consideration was properly sustained.
The judgment is affirmed.

Affirmed.

Wilson, J., not sitting.