### SKINNER *versus* McCARTY.

Where A and B, being sued on a note before a Justice of the Peace, A appeared, and on oath denied the execution of the instrument, and judgment was rendered against B, who did not appear, but who carried the case by *certiorari,* into the County Court: *Held,* that filing declaration against B alone, did not create a discontinuance.

*Sealing* is an essential requisite to constitute a perfect bond, and an instrument purporting to be a *certiorari bond,* but containing no seals, is void.

In this case, the defendant in error sued Scarborough and Skinner, before a Justice of the Peace, in the county of Clarke, on a note of hand. Scarborough, under oath, denied the execution of the note—whereupon, the justice gave judgment, by default, against Skinner, who did not appear. Skinner subsequently took the case, by *certiorari,* into the County Court of Clarke; where, after several continuances, verdict was rendered against him. Skinner took a writ of error to this Court, and among other assignments for reversal, alleged—

1. That the original suit having been against two, and the declaration being against Skinner alone, a discontinuance was thereby created.

2. That the *certiorari* bond was void for want of the seals.

By Mr. Justice HITCHCOCK.

This was an action originally commenced before Isaac Pew, a Justice of the Peace for the county of Clarke, in favor of Charles McCarty, for the use of James S. Rowland, against one Silas Scarborough and Thomas A. Skinner, one of the plaintiffs in error, upon a note payable to McCarty, dated the 3d October, 1829, for nineteen dollars. At the trial before the magistrate, Scarborough appeared, and under oath, denied the execution of the instrument. Skinner did not appear, and the magistrate rendered judgment against him alone, by default, for the sum of nineteen dollars eighty-eight cents, on the 28th of August, 1830. On the 29th September, 1830, Skinner applied to Samuel Wilkinson, Judge of the County Court for the County of Clarke, for a *certiorari*, to bring the case before that Court, and "that all further proceedings should be stayed in the case;" upon which petition, the Judge endorsed an order in the following words : "Mr. Thomas Saunders—You will issue a writ of *cer-tiorari*, according to the prayer of the petitioner.— "Signed, Samuel Wilkinson, J. C. C. C." Upon this order, the Clerk, Mr. Thomas Saunders, issued a *certiorari* to the magistrate, to bring up his proceedings to the County Court; and took from the plaintiff in error, an instrument having all the formal requisites of a *certiorari* bond, signed by the plaintiff, but which instrument is without any seals to the signatures of the parties.

At the December term, 1830, of the County Court, the *certiorari* was returned, with the proceedings of the magistrate, and the plaintiff filed a declaration against Skinner, but not against Scarborough; to which declaration, Skinner, by his attorney, pleaded "non-assumpsit." The case appears to have been

continued to February term, 1832, when a jury was called, who are named in the record, and " on motion of the defendant's attorney, the case was continued." At February term, 1833, the case was tried before a jury, and a verdict was had for the plaintiffs, and a new trial was granted, and the cause was continued. At the February term, 1834, the case was again sub-mitted to a jury, and a verdict was had for the plain-tiffs for twenty-five dollars and twenty cents; and a judgment was rendered by the Court against Thomas A. Skinner, the original defendant, together with James Magoffin and James McClure, " the securities in the writ of *certiorari* bond," for the amount of the verdict, with costs of suit.

To reverse this judgment, the case has been brought, by writ of error, into this Court, and has been sub-mitted, without argument, upon the following assign-ments.

1. That the suit was originally brought against two, and when brought by *certiorari* into the County Court, the declaration was filed only against one, thereby creating a discontinuance.

2. That a jury was called at June term, 1831— that no juror was withdrawn, and no verdict render-ed; thereby also creating a discontinuance.

3. That judgment was rendered against the secu-rities in the *certiorari* bond, when there is no statute authorising that summary mode.

4. That the *certiorari* bond is void, there being no seals: and,

5. That the bond is void; no bond being requir-ed by the *fiat* of the Judge granting the *certiorari*.

In relation to the first assignment, it is sufficient to remark, that the defendant, Scarborough, having (un-der the provisions of the statute,[a] which authorises a defendant, under oath, to deny the execution of any

[a] Ilk. Dig. 283 § 137.

instrument sued on,) denied that he had executed this note, or authorised any one to execute it for him ; and the other defendant, Skinner, having failed to appear, but let judgment go by default, the case, as to Scarborough, was properly at an end, and could only be taken up by Skinner, and consequently, the declaration could only be filed against him.

Independent of this consideration, the defendant, Skinner, by pleading non-assumpsit to the declaration, thereby waived any error there might otherwise have been in the proceedings.

In relation to the second assignment, it appears that after the jury was called and sworn, the defendant applied for and obtained a continuance. He, therefore, cannot allege the want of the withdrawal of a juror, or the want of a verdict, as error ; and besides this, he had the case twice subsequently submitted to a jury, without alleging a discontinuance in the Court below.

As to the third assignment, it may be remarked, that if the bond was properly taken and executed, the second section of the act of 1826,[a] gives to the bond the force and effect of a judgment against all the obligors, and authorises execution to be issued against them.

It is alleged in the fourth assignment, that the instrument is void as a bond, there being no seals. This objection is considered by the Court, · to be properly taken. Sealing is a distinct and substantive requisite, to constitute a perfect bond, and without it, the instrument is not binding on the parties. For this cause, the judgment below must be reversed, and a proper judgment rendered here, against Skinner, the defendant in the original suit below.

As to the fifth assignment, whether the bond would have been void, if otherwise perfect, for the want of

[a] Aik. Dig. 165

the *fiat* of the Judge in granting the *certiorari*, no opinion is necessary ; and, as the case has not been argued, none is given.