BROWN, et. al. *vs.* LEVINS, SURVIVING PARTNER, et. al.

1. The Supreme court, will dismiss a writ of error, on motion to that effect, for a misjoinder of defendants, if upon looking into the writ, they find the objection well taken.

2. The statute of 1815,* authorises the Supreme court to render judgment, against the principal and surety, in a writ of error bond, in case of a dismissal, or discontinuance of a cause,. but such judgment can only be rendered, where the bond is given in conformity with the act. And where the directions of the statute have been departed from, in setting out the proper obligees in the bond; there can be no judgment rendered against the sureties.

3. By the terms " adverse party," contained in the statute, of 1814,† are to be understood, all who are made defendants in the Supreme court;—and, therefore, where the bond was executed, in favor of one only of several defendants, no judgment could be rendered against the sureties.

4. *Semble*—such a bond is not void; but on account of a want of conformity to the statute, cannot be subjected to the statute remedy.

5. The obligee may, however, *semble*, be entitled to his common law remedy, against the obligors, and may recover damages for a breach.

Error to the Circuit court of Clarke county.

Bill to foreclose a mortgage. Benjamin Levins, surviving partner of the firm of Charles Irby and Company, on the twenty-second day of August, eighteen hundred and thirty six, filed his bill of complaint, in the Circuit court of said county, exercising chancery

---

*Aik. Dig. 254.          †Aik. Dig. 255.

jurisdiction, against Stephen Brown and Thomas Brown, of the county aforesaid, defendants, to foreclose a mortgage, executed by said defendants, to Charles Irby and Benjamin Levins, of the city of Mobile, on the third day of June, eighteen hundred and thirty four, of certain lands therein described, for securing the punctual payment of a sum of money therein mentioned.

And at the March term, eighteen hundred and thirty seven, of said court, it appeared, to the satisfaction of said court, that no answer had been filed, to said bill of complaint; and it was, on motion of complainant; ordered, that complainant's said bill of complaint, should be taken *pro confesso*, against said defendants, to the end, that such decree might be made thereupon, as should be just. And, it was also, on motion of complainant, ordered, adjudged, and decreed, that it should be referred to the clerk of the court, as Master in Chancery, to compute and ascertain the amount, due to complainant, from defendants, for the principal and interest, on the mortgage, in said complainant's said bill of complaint contained; and that he should make report thereon, with all convenient speed.

And at the same term, the Master reported, that the principal and interest then due, on said mortgage, amounted to sixteen hundred and eighty six dollars and sixty nine cents; and it was, thereupon, on motion of complainant, ordered, adjudged, and decreed, that the said report, and all the matters and things, therein contained, should stand ratified and confirmed. And it was further ordered, adjudged and decreed, that unless the said defendants, within thirty days after the date of the decree, should pay to the Clerk and Master of the court, the aforesaid sum of sixteen hundred and eighty six dollars, and sixty nine cents, together with the lawful interest thereon, from the date of said report, and also the costs to be taxed in

the case, that all and singular the premises described
in the mortgage, and in the bill of complaint, should be
sold at public auction, to the highest bidder, by and
under the direction of the clerk and master of the
court, he giving thirty days notice of the time and
place of sale, by posting advertisements at three or
more public places in Clarke county : that the said
clerk and master should execute a deed or deeds, for
the premises, to the purchaser or purchasers thereof.
And it was further ordered, that out of the moneys
arising from said sale, the said clerk and master should
pay the said complainant, the said sum of sixteen hun-
dred and eighty-six dollars, and sixty-nine cents, with
such interest as should have accrued thereon; also the
costs to be taxed in the case, and the residue, if any
there should be, he should pay to the said defendants.
The master to report at the next term, his proceed-
ings, &c.

And at the October term of the court, the master
reported, that in pursuance of the decree aforesaid,
he did on the fifth day of June, eighteen hundred and
thirty-seven, at the court house in said county, sell
the premises and appurtenances in the decree de-
scribed, having in obedience to the requisitions of the
decree, first given thirty days notice by advertisement,
posted up in three or more public places in Clarke
county aforesaid, of the time and place of such sale,
with a brief description of said premises, at which
sale, the said premises with the appurtenances, were
struck off to James Savage, junior, for the sum of
fourteen hundred and thirty dollars, it being the high-
est sum bid for the same; and in consideration of the
said sum of fourteen hundred and thirty dollars, bid
by the said James Savage, junior, had executed and
delivered to him a deed of conveyance of the premi-
ses, with the appurtenances, as he was required to do.
by the decree, &c.

The report of the master was at the same term of

the court confirmed, and it was also ordered, adjudged and decreed that an execution should issue for the balance due upon the mortgage and decree; and it was further adjudged and decreed, on the affidavits of James Savage, junior, and William Coate, shewing that the said Stephen Brown and Thomas Brown, had refused since the sale of the said master, to give possession to the said James Savage junior, of the said mortgaged premises, that a writ should issue, directed to any sheriff of the State of Alabama, commanding him to put the said James Savage, junior, or his agent, into peaceable and quiet possession of the said mortgaged premises, sold by said master aforesaid, and that return thereof should be made at the next term.

To the order for the issuance of a writ of possession, defendants excepted, because the report of the master was not verified by any affidavit or deposition, that the property was advertised; nor was it made known to the chancellor what were the terms of the advertisement, or the description of the property as set forth therein, except as was shewn by the report itself. The chancellor overruled the objections, and granted the motion for the writ of possession, to which the defendants excepted, and a writ of error was thereupon sued out, returnable to this court.

The writ of error bond entered into by defendants and their sureties, acknowledged that the obligors were held and firmly bound, unto James Savage, junior, in the sum mentioned, for which payment well and truly to be made, they bound themselves, &c. The condition was, that whereas Stephen and Thomas Brown had applied for and obtained a writ of error in a certain decree, &c. in a cause pending wherein Benjamin Levins, surviving partner of the firm of Charles Irby and Company, was complainant, and the said Stephen and Thomas Brown, defendants, on a bill to foreclose a mortgage, ordering a writ of possession to be issued, directed to any sheriff, &c. com-

2E.

manding him to put the said James Savage, junior, into peaceable and quiet possession of the said mortgaged premises, he the said James Savage, junior, being the purchaser at the sale of the master, returnable to the next term of the Supreme court, &c. Now if the said Stephen Brown and Thomas Brown should prosecute their said writ of error to effect, and pay and satisfy the judgment which should be rendered in said cause by the Supreme court, then the obligation was to be void, otherwise, &c. Signed and sealed by the defendants and their sureties.

The writ of error commanded any sheriff in the State of Alabama, to make known unto James Savage, junior, or his attorney, that he should be and appear before the honorable judges of the Supreme court, &c. to hear the record and process of a plea lately in the Circuit court and Court of Chancery of Clarke county, wherein Benjamin Levins, surviving partner of the firm of Charles Irby and Company, filed a bill to foreclose a mortgage against Stephen Brown and Thomas Brown, &c. and wherein a writ was ordered to issue, to put James Savage, junior, in the possession of the mortgaged premises, and further to do and receive what the Supreme court should then and there consider in that behalf, &c.

*Porter*, for the motion.

COLLIER, C. J.—The counsel of Savage, one of the defendants in error, has moved to dismiss the writ of error, for a misjoinder of defendants. Upon looking into the writ, we find the objection well taken in point of fact, and accordingly direct the dismissal. But it has been questioned whether the judgment for costs, should be rendered against the plaintiff's only, or against them and their sureties in the bond to prosecute the writ of error to effect. The statute authorises this court to render judgment against the principal and surety in the

bond, "in case of dismission or discontinuance of the cause." Such judgment, however, can only be rendered where the bond is given in conformity with 'the act. In the present case, the directions of the statute, which require the bond to be made payable to the "adverse party," have been departed from. By the terms "adverse party," we are to understand all who are made defendants in this court. Here the bond is executed in favor of Savage alone, and according to the rule laid down, there can be no judgment against the sureties. We do not mean to be understood that the bond is void, but only that it does not conform to the statute so as to subject it to the statute remedy; yet we think Savage is entitled to his common-law remedy upon it, against the plaintiff's, and may recover damages for a breach.