Poston, &c.<br>*vs*<br>Southern.

---

## Poston, &c. *vs* Southern.

Motion.

ERROR TO THE HARDIN CIRCUIT.

*Case* 78.

*Forthcoming bonds. Chancery. Jurisdiction.*

JUDGE BRECK delivered the opinion of the Court.

June 23.

It was settled by this Court in *Richardson and Letcher* vs *Bartley,* (2 *B. Monroe,* 328,) that when the execution is endorsed "no security of any kind to be taken," the officer has no right to take a *statutory* forthcoming bond, and if taken, that it could not be returned and made the basis of an execution. It might be good as an indemnity to the officer, as a common law bond, but not otherwise.

An officer has no right to take a forthcoming bond upon the levy of an execution endorsed "no security of any kind to be taken." It may be a good security to himself, but not as a statutory bond.

The delivery bond in this case was, therefore, not authorized as a statutory bond, and was improperly and illegally returned by the Sheriff as such, and the execution which issued upon it was consequently unauthorized and illegal. But we are of opinion it was not the province of the Chancellor to interfere and restrain the officer, who, in this case, had taken and returned the bond and who was endeavoring to collect the execution which had illegally issued upon it. It is the peculiar province, and every Court has ample power to correct its own process. In this case the complainant, who was surety, first in the replevin bond and then in the delivery bond, and upon whose property execution upon the latter bond had been levied, had ample remedy at law. The Court, upon motion, would have quashed the execution, or, if relief in that mode could not be obtained in time to prevent a sale of his property under the execution, which is urged as a reason for seeking the aid of the Chanceller, he could have arrested the action of the officer by *writ of error coram vobis.* The Chancellor had no jurisdiction upon the ground that the delivery bond and the execution thereon, were illegal, and upon no other ground has the complain-

The Chancellor had no jurisdiction to interfere to stay proceedings upon an execution issued upon a delivery bond, taken by a Sheriff upon an execution, and endorsed "no security of any kind to be taken," a Court of law was competent to render full redress.

ant manifested any right to relief. It seems to us, there-fore, that the injunction was improvidently awarded and that the decree annulling the delivery bond and execution thereon, is palpably erroneous and abortive. The Chancellor has no power to annul the process or judgment of a Court of law.

Wherefore, the decree is reversed and the cause remanded, with directions to discharge the complainant's injunction and dismiss his bill with costs.

*Harlan & Craddock* for plaintiffs ; *Hardin* for defendant.