GEORGE N. MOODY, PLAINTIFF IN ERROR, VS. R. HOE & CO., DEFENDANTS IN ERROR.

1. Where a party claiming property levied on by an execution against another resorts to the statute, (Mc.'s Dig., sec. 22, pp. 524 and 525,) for the recovery thereof, if the proceedings are not instituted and conducted in accordance with its material provisions, they will be reversed on writ of error.

2. When various executions on judgments of different persons between whom there is no connection are levied on personal property which is claimed by a third person, and such person asserts his claim under the statute, (McC.'s Dig., pp. 524, 525, secs. 23 and 24,) he should make an affidavit and bond separately to each plaintiff in *fi. fa.* He cannot join in the same affidavit and bond all the plaintiffs in execution.

3. When on a trial of the right of property, the affidavit made by claimant includes four different executions in favor of four different parties, and the bond of claimant is made to such plaintiffs in execution jointly, and the oath administered to the jury is to try the right of the claimant to the property levied on by executions in favor of *one* of the plaintiffs, naming him, "*and others,*" and the jury find that the property is not liable to the execution of the *party named,* and is liable to the execution of a party not named in the oath administered to them, such verdict should be set aside on motion.

4. No pleadings are required by the statute in a trial of the right of property, *but it would seem* to be the duty of the court to so frame the oath administered to the jury as to inform them that by their verdict they were to determine whether the property levied on was the property of the claimant, or whether it was subject to payment of plaintiff's execution.

Writ of Error to the Circuit Court for Levy county.

The facts of the case are stated in the opinion.

*Randall, Walkers & Foster* for Plaintiff in Error.

*J. J. & S. Y. Finley* for Defendants in Error.

THE CHIEF-JUSTICE delivered the opinion of the court:

R. Hoe & Co. recovered a judgment in the Circuit Court of Levy county against T. A. Darby; and Burkhalter & Co., Strauss, Pritz & Co., and Malin, Fowler & Co., recovered judgments against Chafer & Darby in said county. Executions were issued on these judgments and levied on fifty-eight head of mules and horses. George N. Moody, the plaintiff in error, claimed the property under section 22, p. 524, McC's. Dig., and made an affidavit and bond. The affidavit states that the property was levied on by the sheriff of said county, by virtue of all the foregoing executions. The bond was given jointly to all the different plaintiffs in execution. There was no severance of the different cases at the trial. The jury were sworn as follows: " You, and each of you, do solemnly swear that you will well and truly try this claim interposed by George N. Moody to the property levied on by virtue of executions in favor of S. Burkhalter & Co., and others against Chafer & Darby and a true verdict give according to the law and evidence, and that you will also give to the plaintiff such damages, not exceeding twenty per cent., as may appear reasonable and right in case it should appear that said claim was interposed for delay."

The verdict of the jury was: " We, the jury, find the right of property, to-wit: seventeen mules, levied on in the execution of R. Hoe & Co., in the defendant, Thomas

A. Darby, and liable to said execution.　We further find the right of property in the executions in favor of Strauss, Pritz & Co., Malin, Fowler & Co., and S. Burkhalter & Co., in the claimant.　April 17, 1884." Upon the rendition of this verdict the claimant moved the court to set it aside, because " the only issue submitted to the jury was one wherein four separate and distinct parties, plaintiffs in execution, issued out of the common law side of said court, were attempted to be made jointly. The statutes put plaintiff in execution on one side and the claimant on the other."

The other grounds of the motion are substantially the same as the one above.

When various executions on judgments of different persons, between whom there is no connection, are levied on personal property, which is claimed by a third person, and such person asserts his claim under the statute, he should make an affidavit and bond separately to each plaintiff in *fi. fa.* He cannot join in the same affidavit and bond all the plaintiffs in execution.

It is insisted on by counsel for plaintiff in error " that there is nothing in the record to show that any issue, as to Hoe & Co.'s execution, was before them, or that they were sworn to try that case."

The proceeding for the trial of the right of property, when such property is levied on by execution, and claimed by a third person, is regulated by statute. McClellan's Digest, pp. 524, 525, secs. 23 and 24. Where the person claiming property levied on by an execution against another resorts to this statute for the recovery of his property, if the proceedings are not instituted and conducted in accordance with its material provisions, they will be reversed on writ of error.　Paxton vs. Boyce, 1 Tex., 317.

There was no issue in the case between R. Hoe & Co.

and the plaintiff in error. The language of the oath administered to the jury is to try the claim of Moody to the " property levied on by virtue of executions in favor of Burkhalter & Co. and others * * * ."

It does not appear from this oath administered to the jury that Hoe & Co. were plaintiffs in execution. It was decided in Betton vs. Willis & Moseley, 1 Fla., 226, that no formal issue was required by the statute.

As a matter of *pleading* the statute is silent on the subject of an issue. It is evident that no formal pleadings were required by the statute. But it *does* require an oath to be administered to the jury " to try the right of property and also to give to the plaintiff such damages, not exceeding twenty per cent., as may appear reasonable and right in case of its appearing to the jury that such claim was interposed for delay." To try the right of property necessarily involves a trial of conflicting claims of different persons to the property. If it meant no more than its language expresses, " to try the right of property," it would be nothing more than an ideal inquiry without material application. It provides by sec. 22, McC's. Dig., that where an execution is levied on goods and chattels, which are claimed by any other person than the defendant, that the person claiming such goods shall give a bond payable to the plaintiff in execution. Here then we see from the statute what the conflicting interests are and who are their respective representatives. A plaintiff in execution on one side who has levied his execution and is asserting that the property levied on is subject to its payment, and a claimant, who is not the defendant in the execution, asserting that the property levied on is his property. When these things have occurred the statute provides that the jury shall be sworn to " try the right of property."

It can only mean as between the two parties it has

spoken of—the plaintiff in execution and the claimant—
and the oath administered to the jury should, under the
direction of the court, be so framed as to inform the jury
that they were to determine by their verdict whether the
property levied on was the property of the claimant or
whether it was subject to the execution of the plaintiff in
*fi. fa.* How could they do this when they are not informed
who is the plaintiff. The jury are informed of the duty re-
quired of them by the oath they take; when sworn to try
the right of the claimant to property levied on by an exe-
cution in favor of Burkhalter & Co. and others, the only in-
ference they could make, if they made any, was that the
word "others" alluded to persons who were joint plaintiffs
with Burkhalter & Co. in one suit. If they did not so con-
strue it the only verdict they could properly bring in under
such an oath was to either find for the claimant or that the
property was subject to the execution of Burkhalter & Co.,
ignoring the words "and others," it not being communi-
cated to them who was intended thereby. Besides, this
oath administered to the jury treats the executions as being
each against the defendants and does not recognize the fact
that one is against T. A. Darby alone and the others against
the firm of Chafer & Darby.

If they come to the conclusion, which it seems from their
verdict they did, to find against Burkhalter & Co. in favor
of the claimant, when they come to find against the claim-
ant they could only find the property was liable to the exe-
cution of "others."

They had no right to return a verdict that the property
was subject to the execution of Hoe & Co.

What we have said is with reference to the clause of the
statute relating to the right of property. The remaining
part of the oath clearly implies that the plaintiff in execu-
tion was a party whose name at least was necessary to be

made known to them, and as we have said the only proper way they could learn this was by the oath they were required to take.

The court erred in not setting aside the verdict. Judgment reversed and cause remanded with instructions to set aside the verdict and grant a new trial.