H. Baars, Appellant, vs. W. F. & J. E. Creary, Appel-
LEES.

23 311
33 702
―――――
23 311
e45 645

1. The purpose of the claim statute is to provide a summary remedy
for a stranger to an execution (taken as one of the writs to which
it applies) who claims title to property levied on, to have the
question of the superiority of his alleged title, over the right of
the plaintiff in execution to subject the chattel to the satisfac-
tion of his execution, settled, and recover possession of the
chattel if his title is found superior.

2. A claimant, under the claim statute, of property upon which an
execution against another person has been levied, cannot upon
the trial of the claim issue object to the illegality or irregularity
of the execution. These are questions for the defendant in
execution to raise by a direct proceeding, and the claim statute
was never intended to give a remedy against illegal or irregular
executions.

3. The "right of property" or issue to be tried under the claim statute
is an issue of superiority as between the right of the plaintiff in
execution to subject the chattel to the satisfaction of his writ,
and the claimant's title, as against such right, or, in other words,
an issue of the liability of the property to the plaintiff's execu-
tion as against the claimant's title, if he has any. It is not a
mere question as to whom the legal title and possession of the
chattel were in at the time of the levy of the execution.

4. The proceedings for the enforcement of liens on buildings, mills,
machinery, &c., and on steamboats and vessels in their home
ports, under the act of 1868, as amended in 1877 (Chapter 1632,
3042, McC's. Dig., 721, 723) are at law.

5. Suit was brought against D. & R. Piaggio to enforce their claim and
lien for labor and materials furnished for the repair of the steam
tug boat Jumbo, and judgment was rendered reciting that "evi-
dence and lien proof" was introduced, and adjudging that the
plaintiffs have and recover of and from said defendants $266.70 ;
and it was also "adjudged and directed by the court that the
steam tug boat Jumbo, be sold for the satisfaction of the lien of
'the plaintiffs,' to satisfy the said amount of two hundred and
sixty-six dollars and seventy cents and the cost of this proceed-
ing." Held : That the judgment sufficiently ascertained and de-
clared a lien.

6. An execution issued on this judgment directed to all and singular the Sheriffs of the State, and commanding "that of the goods and chattels, lands and tenements of D. & R. Piaggio *to be made out* of the sale of the steam tug boat Jumbo," they cause to be made the said sum, which said "W. F. and J. E. Creary lately, on December 19, 1884 (the date of the judgment), recovered." It properly describes the court, and is otherwise like the ordinary *fi. fa.* under the statutes of this State.

*Held :* That upon a claim proceeding instituted by Baars to recover the said tug boat Jumbo, he could not question the sufficiency of such execution to enforce the lien adjudged against said tug boat.

Appeal from the Circuit Court for Escambia county.

The facts of the case are stated in the opinion.

*J. C. Avery* for Appellant.

*C. B. Parkhill* for Appellees.

MR. JUSTICE RANEY delivered the opinion of the court:

The appellees performed labor and furnished materials for the repair of the steam tug boat Jumbo, and filed, within the time prescribed by the statutes, in the office of the Clerk of the Circuit Court of Escambia county, notice of their intention to hold a lien on the steamboat for the amount of their claim. Pensacola, in said county, was, and so far as we are informed continued to be, the vessel's home port. Appellees brought suit under the statute against D. & R. Piaggio to enforce their claim and lien, and judgment was rendered on December 19th, 1884, that appellees have and recover of said D. & R. Piaggio, late co-partners, $266.70 and costs, and that the said " steam tug boat Jumbo be sold for the satisfaction of the lien of W. F. & J. E. Creary to satisfy the said " amount and costs. The appellant purchased the tug boat of the Messrs.

Piaggio after the institution of the said suit by appellees, and was in possession of her at the time the execution was levied upon her. This execution, issued April 29, 1885, is addressed to all and singular the Sheriffs of the State, and commands "that of the goods and chattels, lands, and tenements of D. and R. Piaggio, late co-partners, *to be made out of the sale of the steam tug Jumbo,*" they cause to be made the said sum "which W. F. & J. E. Creary lately, on December 19th, 1884, recovered" in said Escambia Circuit Court, and is otherwise like our ordinary *fi. fa.* This writ was levied by the Sheriff upon the tug boat on the 15th of May, 1885, and appellant interposed a "claim" under our practice, and the Sheriff delivered the property to him and returned the writ and claim proceedings to the Circuit Court as is required in such cases, and a jury having been waived the cause was tried before the judge, and judgment rendered at the Spring Term, 1886. This judgment finds that the claimants' purchase and possession of said steam tug Jumbo was had from defendants, "the Messrs. Piaggio," after lien had attached to or existed against it in favor of the plaintiffs in execution, with notice of lien, and that said steam tug is not the property of the claimant, but subject and liable to this execution, and is the property of said defendant in execution for the satisfaction of said lien, subject to and liable to said execution, and therefore it is considered by the court that the plaintiffs in execution may proceed to execute the levy made as aforesaid on the property as aforesaid ascertained to be subject and liable to this execution," and for costs.

It is contended for appellant that the execution is nothing but an ordinary writ of execution in a common law case under our practice, having nothing in it suggesting the enforcement of a judgment declaring a lien; that with such an execution the plaintiffs therein have only the rights in-

cidental to an ordinary execution, and consequently the appellant had a right to the trial of property without reference to a lien.

It may be regarded as settled that one who interposes a "claim" to property levied on under an execution to which he is a stranger cannot question the regularity of the execution or of the judgment upon which it is based. This is a question for the defendant in execution to raise, if he desires, by a direct proceeding. Price & Wife vs. Sanchez, 8 Fla., 136; Moseley vs. Edward, 2 Fla., 429; Fryer vs. Dennis, 2 Ala., 144; Perkins & Elliott vs. Mayfield, 5 Porter, 182; Dexter vs. Parkens, 22 Ill., 143. The purpose of the claim statute is to provide a summary remedy for a stranger to an execution, who claims title to the property levied on, to have the question of the superiority of his alleged title over the right of the plaintiff in execution to subject it to the satisfaction of his execution and judgment settled, and it was never intended as a remedy against illegal or irregular executions. We may, however, say that though the language in the execution before us, as to the steam tug Jumba, is inartificial, it is both suggestive of a special purpose to effect her sale and is an ear mark, which, with the aid of others, clearly connects the writ with the judgment which adjudges the lien upon the boat. This judgment is one *at law*, as are the action in which it is rendered and the lien it enforces. The statute authorizes the rendition of a general judgment against the original debtor as well as one declaring and enforcing the lien, as was done here; and we do not see why our ordinary common law execution is not a proper writ for enforcing it as well against the property covered by the specific lien, without waiving such lien, as against the general property of the judgment debtor. Phillips on Mechanics' Liens, §458. No form of execution has been specially prescribed for this case. It is practicable to

use the one in question, and in the absence of any legisla-
tion on the subject it is reasonable to assume that it was
deemed sufficient.

The counsel for appellant also argues that the only ques-
tion to be tried in a proceeding under our claim statute is
whether property levied on "belonged at the time of the
levy to the defendant in execution," that " the lien cannot
change the property and make it another's." If this, as we
understand the meaning of counsel, were so, then any *bona
fide* purchase, for a valuable consideration, of personal prop-
erty from a defendant in execution between the delivery of
the writ into the hands of the Sheriff and the levy thereof,
will on being proved support the " claim," and defeat the
lien of the *fieri facias.* Marshall vs. Cunningham, 13 Ill.,
20. The " right of property " which the jury is sworn to
" try " is an issue of superiority as between the right of the
plaintiff in execution to subject the chattel to the satisfac-
tion of his writ, and the claimant's title on the other hand,
as against such right; an isssue of the liability of the prop-
erty to the plaintiff's execution as against the claimant's
title. This is the view of this court in Moody vs. Hoe, &c.,
22 Fla., 309, and our investigations in the case now before
us have confirmed its correctness.

It is also contended that the judgment does not ascertain
or declare a. lien. The " facts in evidence" agreed upon by
the attorneys and appearing in the bill of exceptions show
the lien of the Messrs. Creary as it is stated in the outset of
this opinion, and it cannot be doubted either what the na-
ture of this lien was, or that it antedated the purchase by
the appellant. This agreed statement was made for the
purpose doubtless of avoiding the introduction of the plead-
ings and proceedings upon which the judgment was ren-
dered. The judgment *directs* a sale of the property for the
satisfaction of the lien as provided by the statute. Secs. 6

and 7, pp. 722 and 723, Mc.C's Dig.   It determines judici-
ally the validity and amount of the lien, enforcing it as
valid from its legal origin.

The claimant has not shown a title superior to the right
of the execution plaintiffs, and consequently the judgment
must be affirmed.   It is so ordered.