ROBERT S. WILLIAMS, APPELLANT, VS. THE STATE OF FLORIDA, APPELLEE.

1. A bail bond given under the act of January 6th, 1848, McClellan's Digest, 439-40, must be approved by the court, if given while the court rendering the judgment or sentence is in session.

2. Where a statute authorizes a special remedy against parties to a bond or other particular instrument, an instrument of the character specified is necessary to such remedy.

3. A seal, or a scrawl to which the statute gives the same effect, is essential to a bond, and an instrument to which there is no seal or scrawl is not a bond, although in the body thereof it is recited that the obligors or parties thereto have set their hands and seals.

4. The bail which the act of January 6th, 1848, McClellan's Digest, 439-40, authorizes any person convicted of a criminal offence and sentenced to pay a fine to give, is expressly required to be by bond, and unless the instrument given thereunder and taken and approved by the judge in open court has a seal it is not in form the instrument required, and will not, when returned by the proper officer endorsed with a default, authorize the execution which the statute requires the clerk on return of the bond to issue against the surety, " as if there had been judgment at law on such bond."

5. That a bail surety under the act of January 6th, 1848, had importuned the court to impose a fine on the prisoner instead of sentencing him to the penitentiary, stating he wanted the prisoner to work as a tenant on his plantation, and had assured the court that he would give the bond required by the statute to secure the payment of the fine if it would change the sentence, and in consequence of such importunity and assurance the court changed the sentence, and then the surety signed a paper purporting to be a bond and informed the court he had given the bond required by law, and thereupon the prisoner was released, and was taken by the surety to his plantation and worked as a tenant till the paper fell due, does not estop the surety from questioning the legality of an execution issued by the clerk upon the return of the paper, on the ground of there being no seal to such paper, it having been taken and approved in open court by the judge.

Williams vs. The State of Florida—Statement of Case.

Appeal from the Circuit Court for Leon county.

### STATEMENT.

On the fourth day of August, A. D. 1888, the Clerk of the Circuit Court of Leon county issued an execution addressed to all and singular the sheriffs of the State, commanding them that of the goods, &c., of Robert S. Williams they cause to be made " the sum of two hundred dollars, which is the amount of a fine imposed upon one Lot Bryant, in a certain criminal proceeding had " in said court, " for the payment of which within ninety days from the 14th day of January, 1888, the said Williams became his surety, and a default has been made in said payment, and the sheriff has returned said bond into court endorsed with a certificate of such default, and filed the same, and costs of this writ," &c.

On the same day, the sheriff having levied on certain property of Williams, and endorsed the levy on the writ, Williams made before the clerk an affidavit of the illegality of the writ, stating as the grounds thereof : that the instrument referred to in the writ as a bond was not under seal, and that no execution had issued against Lot Bryant, the principal in the pretended bond, and filed a bond with surety, in the form usual in such proceedings as to executions, the same having been approved by the sheriff.

It appears from the transcript before us the paper or undertaking executed by Lot Bryant and Williams, and upon which the execution issued, is, in so far as it is necessary to give the same, with the approval of the same, and the sheriff's endorsement thereon, and file marks, in the following words and figures :

STATE OF FLORIDA, ⎫
  County of Leon.  ⎭

Know all men by these presents that we, Lot Bryant

and Robert S. Williams, are held and firmly bound unto the Governor of the said State of Florida, and his successors in office, in the just and full sum of four hundred dollars  *  *  *.  Signed with our hands, and sealed with our seals this, the fourteenth day of January, A. D. one thousand eight and eighty-eight.

The condition of the above obligation is such that whereas the above bounden Lot Bryant has been duly tried and convicted in the Circuit Court in and for the said county of Leon, of stealing a domestic animal, to-wit: a black bull yearling, the property of one Susan Mitchell, and thereupon by said court was sentenced and adjudged to pay a fine of two hundred dollars and the costs of his said prosecution for his said offence, now, therefore, if the above bounden parties, or either of them, shall well and truly pay, or cause to be paid, to the sheriff of said county of Leon the said sum of two hundred dollars, together with the cost of said prosecution, as taxed by the Clerk of said Circuit Court within ninety days from the date hereof, then this obligation to be void and of no effect, otherwise to be and remain in full force and virtue.

his

LOT  x  BRYANT,

mark

ROBERT S. WILLIAMS.

Taken and approved by me in open court.

D. S. WALKER, Judge.

Endorsed—I, John A. Pearce, Sheriff of Leon county, do hereby certify the within bondsmen, Lot Bryant and R. S. Williams, have failed to pay within ninety days the amount of within bond, or any part thereof, and have still failed to pay any part thereof, this 13th day of July, A. D. 1888.      JOHN A. PEARCE, Sheriff.

Filed August 3d, 1888.

C. A. BRYAN, Clerk.

The question of illegality having coming on for trial at the fall term, 1888, of the Circuit Court, the following judgment was rendered:

In the matter of the affidavit of R. S. Williams, that the execution issued on the 4th August, A. D. 1888, against him, in favor of the State of Florida, in the sum of two hundred dollars, as a surety on the bond of Lot Bryant:

This cause came on to be heard this day, and the said Williams having been heard by himself in person, and by his attorney, John S. Beard, and the State having been heard by its attorney, E. C. Love, Esq., it appears to the court that the said Williams importuned the court to adjudge a fine against the said Lot Bryant of two hundred dollars, instead of sentencing him to a term in the penitentiary, because the said Williams, as he stated, wanted the said Bryant to work as a tenant on the plantation of said Williams; that said Williams assured the court that if the court would so change the sentence of the said Bryant, he, said Williams, would give the bond required by the statute securing the payment of said fine of two hundred dollars. In consequence of this importunity and assurance the court did change the sentence of said Bryant from a term in the penitentiary to a fine of two hundred dollars; that thereupon said Williams signed the paper purporting to be a bond, which is on file, and filed with the clerk, and informed the court that he had given the bond required by law; that thereupon the prisoner, Lot Bryant, was released and taken by said Williams to his plantation and worked as a tenant on his plantation till the paper purporting to be a bond fell due, and then, instead of paying it, he made the affidavit filed in this case. Under this state of facts, it is considered by the court that said Williams is estopped

from saying that he did not give the bond required by the State, and that said execution was not illegally issued.

From this judgment Williams has appealed.

The other facts are stated in the opinion of the court.

*John S. Beard* for Appellant.

All of the definitions in the books describe a bond as an instrument under seal, and sealing has always been held to be a necessary requisite to its validity. The term *bond ex vi termini,* imports a sealed instrument. Russell's Law Dictionary. 2d Blk., Com., 340. Wharton's Law Dictionary.

A bond is not so much an obligation or promise to pay money as it is an acknowledgment of a debt under seal. A sealed instrument imports a consideration, an unsealed instrument does not.

The instrument of writing signed by appellant is not sealed. (See Record). The summary process provided by section 5, page 439, McClellan's Digest, is restricted to bonds. The instrument signed by appellant may be such an obligation or promise to pay money, that it can be enforced by a regular suit at law. The statute providing this summary process is unknown to and in derogation of common law and should be strictly construed.

The *Attorney-General* for Appellee.

RANEY, C. J. The act of January 6, 1848, McClellan's Digest, 439-40, provides that any person convicted of a criminal offence and sentenced to pay a fine, shall have the right, on being taken into custody by the proper officer of the court, or prior to such arrest, to give bail or security for the payment of such fine and the costs of prosecution adjudged against him. Such bail or security shall be by

bond, conditioned as above, and be executed by the defendant and one or more good and responsible persons, to be approved by the court rendering the judgment if in session at the time, or by the sheriff or other officer charged with the execution of the judgment.    It is to be payable to the Governor in ninety days from its date, and if not paid by the expiration of this time, the sheriff or other officer shall endorse thereon that default has been made, and sign the endorsement and file the bond with the clerk of the court in which the judgment was rendered, and the clerk shall forthwith issue execution for the amount of such fine and costs against such " security or bail," as if there had been judgment at law on such bond, and the same proceedings shall be had thereon as in cases of other executions, and the person convicted shall be liable to be proceeded against as if no such bond had been given until the same shall be fully paid and satisfied.

It is evident from the above terms of the statute that no execution is to be issued under it against the person convicted or the principal in the bond on the return of it by the sheriff after default, but only against the surety or bail, and for this reason probably the second ground of illegality stated in the affidavit has been practically abandoned before this court.   So. Ex. Co. vs. Van Meter, 17 Fla., 873.

The argument of appellant in support of his first ground is that in the absence of a bond there was no basis for the summary process of execution comtemplated by the statute.

It is certain that the instrument executed by Bryant and Williams is not a bond.   In the case of the United States vs. Linn, 15 Peters, 290, where, as here, the instrument had no seal, the Supreme Court held that it was not a bond, and
   47

that as the act of Congress directed the security of the offi-
cer, a receiver of public moneys, to be taken by bond, it
was not in form the instrument required by the act, though
binding as a simple contract at common law.    An obliga-
tion or bond, says Blackstone's Commentaries, Book II, p.
340, is a deed whereby the obligor obliges himself, his
heirs, executors or administrators, to pay a certain sum of
money at a day appointed. A deed, says the same authori-
ty, is a writing sealed and delivered by the parties.   *Ibid*,
p. 295.    Although in the body of a writing it is said that
the parties have set their hands and seals, it is not a bond
unless it has been actually sealed and delivered.    Taylor
vs. Glasser, 2 S. & R., 502 ;  Deming vs. Bullitt, 1 Blackf.,
241.    Our statute has given a scrawl the effect of a seal,
section 87, p. 832 McClellan's Digest, but this instrument
has nothing purporting to be either a scrawl or a common
law seal, or anything intended for either.

As then it is not a bond, it is not the instrument con-
templated by the statute, and not being such, it, according
to the authorities, did not authorize, and will not sustain
the summary remedy provided by the act in case of a de-
fault, to enforce the payment of a bond taken and duly re-
turned under it.    In Skinner vs. McCarty, 2 Porter, 19,
upon a certiorari to a judgment rendered by a Justice of
the Peace, there was a trial in the County Court and verdict
against Skinner, the plaintiff in certiorari, and judgment
was rendered under the statute also against his sureties on
the instrument taken to bring up such proceedings, it hav-
ing all the requisites of a certiorari bond except seals to the
signatures of the obligors.    The statute gave to the bond
required in such proceedings the force and effect of a judg-
ment against all the obligors, and authorized execution to
be issued against them.    It was held by the Supreme Court
of that State that the sealing is a distinct and substantive

JUNE TERM, 1889. 741

Williams vs. The State of Florida—Opinion of Court.

requisite to constitute a perfect bond, and that without it the instrument was not binding on the parties as a bond; and the judgment of the County Court was reversed and a judgment rendered simply against Skinner, the original defendant.

In Howard vs. Brown, 21 Maine, 385, where the statute required that a poor debtor's bond should be executed by the debtor as well as the sureties, it was held that a bond not executed by the debtor was not good as a statutory bond, though valid and enforceable as a common law bond.

In State ex rel. vs. City Council, 74 Ala., 226, where the decree appealed from was affirmed, the appeal bond was by its terms payable to the register instead of the appellee, and it was held that no judgment could be rendered on the appeal against the sureties. "Being made expressly payable to the register," says the opinion, " it is not a statutory bond; and, hence, if there be any recourse against the sureties, it must be sought in an action on the bond." P. 232, Tarver vs. Nance, 5 Ala., 712.

The following authorities sustain and illustrate the principle upon which we rely, that under statutes of the kind under consideration there must be a statutory instrument to support the special remedy they authorize. Moody vs. Hoe & Co., 22 Fla., 309 ; Sewell vs. Franklin, 2 Ala., 493 ; Brown vs. Levins, 6 Porter, 414; Curry vs. Barclay, 3 Ala., 484; Butler vs. O'Brien, 3 Ala., 316 ; State ex rel. vs. City Council, 74 Ala., 226 ; Miller vs. Vaugh, 78 Ala., 323 ; Earle vs. Dobson, 1 Jones (Law), 515 ; Richardson vs. Bartley, 2 B. Mon., 328 ; Poston vs. Southern, 7 B. Mon., 289 ; The Justices vs. Smith, 2 J. J. Mar., 472 ; Morse vs. Hodson, 5 Mass., 314 ; Winthrop vs. Dockendorff, 3 Maine, 156 ; Pease vs. Norton, 6 Maine, 229 ; Branch vs. Branch, 6 Fla., 314 ; United States vs. Linn., 15 Peters, 290.

The record shows that the bond was " taken and ap-

proved in open court," by the Circuit Judge, by whom alone it could have been taken and approved while the court was in session. This approval was error, and though of course it would not have been given had the absence of the seal been noticed by the judge, still it gave no validity to the paper as a bond. The statute authorizes an execution to be issued by the clerk upon due return of the bond, and when there is no bond the writ cannot be issued " as if there had been a judgment at law on said bond." The existence of a bond is indispensable to the power of the clerk in the premises, and the approval or acceptance of any other kind of an instrument will not create the power.

As the statute does not authorize the discharge of the prisoner, pending the term of the court, until the bond has been approved by the Judge, a bond cannot be said to be given under it, pending a term, until it has been so approved. The fact that Williams informed the Judge that he had given the bond required by law does not, considering the patent character of the defect and the approval of the instrument by the Judge, show that the omission of the seal was intentional or fraudulent, or that Williams did not intend to give a bond when he made the proposition for a change of the sentence, detailed in the judgment, even assuming that the fraud would estop Williams from taking advantage of the absence of a seal, a point upon which we intimate no opinion. The employment of Bryant as a tenant on Williams' plantation is a matter solely between those parties, and one with which the State had no connection, and it is not shown to have influenced the approval of the bond.

The conduct of Williams set out in the judgment appealed from did not supply the place of a bond, and does not estop Williams from resisting a proceeding for which in law there

was no authority. His conduct is not before us in any other aspect.

The case will be remanded to the Circuit Court with directions to set aside the execution as illegal.